UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ASCENTIAL SOFTWARE CORP.,

        Plaintiff,

v.

RUSSELL DODSON,

        Defendant.

Civil Action No.  04-CV-40130 (DPW)

## ANSWER OF DEFENDANT RUSSELL DODSON TO THE SECOND AMENDED COMPLAINT OF PLAINTIFF ASCENTIAL SOFTWARE CORPORATION

Defendant Russell Dodson, by his undersigned attorneys, as and for his Answer to Ascential Software Corporation's ("Ascential") Second Amended Complaint, states as follows:

### NATURE OF THE CASE

1.    Mr. Dodson states that the averments of paragraph 1 of the Second Amended Complaint constitute legal conclusions that require no response.  Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 1 of the Second Amended Complaint.

2.    Mr. Dodson admits that Ascential terminated his employment as part of a corporate downsizing in September 2003, and that Mr. Dodson accepted an offer of employment from Informatica in or about December, 2003.  Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 2 of the Second Amended Complaint.

3.    Mr. Dodson admits that he began employment with Informatica on January 5, 2004. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 3 of the Second Amended Complaint.

4.    Mr. Dodson admits that during his employment with Ascential, he had access to some confidential information of Ascential.  Mr. Dodson further states that the averments in paragraph 4 of

1

the Second Amended Complaint that characterize any information as confidential, proprietary, or trade secret, constitute legal conclusions that require no response. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 4 of the Second Amended Complaint.

5. Mr. Dodson admits that, while employed at Informatica, his responsibilities have included participating in sales efforts with customers that have also considered purchasing Ascential's products. Mr. Dodson further states that the averments in paragraph 5 of the Second Amended Complaint that characterize any information as confidential, proprietary, or trade secret, constitute legal conclusions that require no response. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 5 of the Second Amended Complaint.

6. Mr. Dodson denies each and every allegation contained in paragraph 6 of the Second Amended Complaint.

7. Mr. Dodson states that the averments of paragraph 7 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 7 of the Second Amended Complaint.

8. Mr. Dodson denies any characterization of the Second Amended Complaint that is inconsistent with its terms and refers to said document for a complete and accurate statement of its terms. Mr. Dodson further states that the remaining averments of paragraph 8 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 8 of the Second Amended Complaint.

## PARTIES

9. Mr. Dodson lacks sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 9 of the Second Amended Complaint, and on that basis denies them.

10. Admitted.

## JURISDICTION AND VENUE

11.     Mr. Dodson states that the averments of paragraph 11 of the Second Amended Complain constitute legal conclusions that require no response.  Mr. Dodson further denies each and every allegation contained in paragraph 11 of the Second Amended Complaint.

## BACKGROUND

12.     Mr. Dodson admits that Ascential engages in the business of enterprise data integration products both nationally and worldwide.  Mr. Dodson lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 12 of the Second Amended Complaint, and on that basis, denies them.

13.     Mr. Dodson admits that Ascential engages in the business of enterprise data integration products both nationally and worldwide.  Mr. Dodson lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 13 of the Second Amended Complaint, and on that basis denies them.

14.     Mr. Dodson admits that Ascential engages in the business of enterprise data integration products both nationally and worldwide.  Mr. Dodson lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 14 of the Second Amended Complaint, and on that basis denies them.

15.     Mr. Dodson states that the averments of paragraph 15 of the Second Amended Complaint constitute legal conclusions that require no response.  Mr. Dodson further denies each and every allegation contained in paragraph 15 of the Second Amended Complaint.

16.     Mr. Dodson lacks sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 16 of the Second Amended Complaint, and on that basis denies them.

17.     Mr. Dodson lacks sufficient knowledge or information to form a belief as to the truth

of the averments of paragraph 17 of the Second Amended Complaint, and on that basis denies them.

18. Mr. Dodson states that the averments in paragraph 18 of the Second Amended Complaint that characterize such sales programs and customer information as confidential, proprietary, or trade secrets, constitute legal conclusions that require no response. Mr. Dodson further states that he lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 18 of the Second Amended Complaint, and on those bases denies them.

19. Admitted.

20. Mr. Dodson admits that during his employment with Informix and then Ascential, he was a member of the North American Sales team. Mr. Dodson further admits that he held the positions of Sales Engineer 2, Sales Engineer 3 and Systems Engineer District Manager for two districts, the South Central District and the South East District. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 20 of the Second Amended Complaint.

21. Mr. Dodson admits that while he was employed at Ascential he attended training classes, quarterly meetings, and annual technical sessions. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 21 of the Second Amended Complaint.

22. Mr. Dodson states that the averments in paragraph 22 of the Second Amended Complaint that characterize such information as confidential, proprietary, or trade secret, constitute legal conclusions that require no response. Mr. Dodson further states that he lacks sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 22 of the Second Amended Complaint, and on those bases denies them.

23. Mr. Dodson admits that, while employed at Ascential, he was provided with and had

some information concerning Ascential's customers and prospects, sales, product manuals, training materials, and sales methodology. Mr. Dodson states that the averments in paragraph 23 of the Second Amended Complaint that characterize such information as confidential, proprietary, or trade secret, constitute legal conclusions that require no response. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 23 of the Second Amended Complaint.

24. Mr. Dodson denies each and every allegation contained in paragraph 24 of the Second Amended Complaint.

25. Mr. Dodson admits that as a SE District Manager, he managed the sales process from a technical standpoint; that a component of his job was the understanding of Ascential's products and market capabilities, and that an aspect of his role was to position Ascential's product against the competitor's product. Mr. Dodson states that the averments in paragraph 25 that allege Mr. Dodson had access to information that was confidential, proprietary, or trade secret, constitute legal conclusions that require no response. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 25 of the Second Amended Complaint.

26. Mr. Dodson admits that, while employed at Ascential, he built relationships with Ascential's customers with the goal of meeting the customer's needs and ensuring future references from each customer. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 26 of the Second Amended Complaint.

27. Admitted.

28. Mr. Dodson admits that, with respect to the South Central District and the South East District, he was provided with copies of Ascential's forecast information when he worked at Ascential. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 28 of the Second Amended Complaint.

29. Mr. Dodson admits that, while employed at Ascential, he attended and received materials in connection with new hire sales training and Sales Engineer training. Mr. Dodson states that the averments in paragraph 29 of the Second Amended Complaint that characterize any information or training as confidential, proprietary, or trade secret, constitute legal conclusions that require no response. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 29 of the Second Amended Complaint.

30. Mr. Dodson denies each and every allegation contained in paragraph 30 of the Second Amended Complaint.

31. Mr. Dodson admits that he and Ascential entered into an agreement on September 30, 2003. Mr. Dodson denies any characterization of that document that is inconsistent with its terms and Mr. Dodson refers to said document for a complete and accurate statement of its terms. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 31 of the Second Amended Complaint.

32. Mr. Dodson admits that he and Ascential entered into an agreement on September 30, 2003. Mr. Dodson denies any characterization of that document that is inconsistent with its terms and Mr. Dodson refers to said document for a complete and accurate statement of its terms. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 32 of the Second Amended Complaint.

33. Mr. Dodson denies each and every allegation contained in paragraph 33 of the Second Amended Complaint.

34. Mr. Dodson admits that on the last day of his employment with Ascential, he inquired about how to copy email addresses from his personal contact database on his laptop. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 34 of the Second Amended Complaint.

35. Admitted.

36. Admitted.

37. Mr. Dodson denies any characterization of the website operated by Informatica that is inconsistent with its terms and Mr. Dodson refers to said website for a complete and accurate statement of its terms. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 37 of the Second Amended Complaint.

38. Mr. Dodson denies each and every allegation contained in paragraph 38 of the Second Amended Complaint.

39. Mr. Dodson admits that, while employed at Informatica, his responsibilities included participating in a sales effort directed at Temple-Inland. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 39 of the Second Amended Complaint.

40. Mr. Dodson denies each and every allegation contained in paragraph 40 of the Second Amended Complaint.

41. Mr. Dodson denies each and every allegation contained in paragraph 41 of the Second Amended Complaint.

42. Mr. Dodson admits that, while employed at Informatica, his responsibilities included participating in a sales effort directed at World Savings. Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 42 of the Second Amended Complaint.

43. Mr. Dodson denies each and every allegation contained in paragraph 43 of the Second Amended Complaint.

44. Mr. Dodson denies each and every allegation contained in paragraph 44 of the Second Amended Complaint.

45. Mr. Dodson denies each and every allegation contained in paragraph 45 of the Second Amended Complaint.

46.  Mr. Dodson denies each and every allegation contained in paragraph 46 of the Second Amended Complaint.

47.  Mr. Dodson denies each and every allegation contained in paragraph 47 of the Second Amended Complaint.

48.  Except as expressly admitted, Mr. Dodson denies each and every allegation contained in paragraph 48 of the Second Amended Complaint.

## COUNT I

### (BREACH OF CONTRACT)

49.  Mr. Dodson repeats and re-alleges his answers to the averments of paragraphs 1 to 48 of the Second Amended Complaint, inclusive, as if fully set forth in this paragraph.

50.  Mr. Dodson states that the averments in paragraph 50 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 50 of the Second Amended Complaint.

51.  Mr. Dodson states that the averments in paragraph 51 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 51 of the Second Amended Complaint.

## COUNT II

### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

52.  Mr. Dodson repeats and re-alleges his answers to the averments of paragraphs 1 to 51 of the Second Amended Complaint, inclusive, as if fully set forth in this paragraph.

53.  Mr. Dodson states that the averments in paragraph 53 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 53 of the Second Amended Complaint.

54.  Mr. Dodson states that the averments in paragraph 54 of the Second Amended

Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 54 of the Second Amended Complaint.

55. Mr. Dodson states that the averments in paragraph 55 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 55 of the Second Amended Complaint.

## COUNT III

### (INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS)

56. Mr. Dodson repeats and re-alleges his answers to the averments of paragraphs 1 to 55 of the Second Amended Complaint, inclusive, as if fully set forth in this paragraph.

57. Mr. Dodson states that the averments in paragraph 57 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 57 of the Second Amended Complaint.

58. Mr. Dodson admits that, while employed at Informatica, his responsibilities included participating in sales efforts with Temple-Inland and World Savings, customers that had also considered purchasing Ascential's products. Mr. Dodson further denies each and every allegation contained in paragraph 58 of the Second Amended Complaint.

59. Mr. Dodson states that the averments in paragraph 59 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 59 of the Second Amended Complaint.

60. Mr. Dodson states that the averments in paragraph 60 of the Second Amended Complaint constitute legal conclusions that require no response. Mr. Dodson further denies each and every allegation contained in paragraph 60 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that he would not otherwise bear under applicable law,

Mr. Dodson asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

As to each purported cause of action in the Second Amended Complaint, Ascential's claims are barred because they fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As to each purported cause of action in the Second Amended Complaint, Ascential's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

As to each purported cause of action in the Second Amended Complaint, Ascential's claims are barred because Ascential failed to mitigate its alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

There was a failure of consideration with respect to the agreement alleged in the Second Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to fulfill a condition precedent to liability.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking relief because Defendant was privileged to act as he did and/or believed in good faith that he was asserting his legal rights.

### SEVENTH AFFIRMATIVE DEFENSE

The prosecution and defense of the action in this forum is unfair, inequitable and/or inappropriate for the parties, court and forum.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking relief because there was a mistake of fact and/or law.

### EIGHTH AFFIRMATIVE DEFENSE

Performance of the contract alleged in the Second Amended Complaint has become impossible or totally impracticable through no fault of this Defendant, and accordingly, Plaintiff's claim is without merit.

### NINTH AFFIRMATIVE DEFENSE

Any statements or representations made by Defendant alleged in the Second Amended Complaint were true when made or were statements of opinion.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because at least part of the writing evidencing the contract alleged in the Second Amended Complaint has been destroyed or is otherwise unrecoverable.

### ELEVENTH AFFIRMATIVE DEFENSE

There was an inadequacy or lack of consideration with respect to the agreement alleged in the Second Amended Complaint.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the contract alleged in the Second Amended Complaint is unconscionable and/or voidable.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that he intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

WHEREFORE, Mr. Dodson demands judgment dismissing Ascential's Second Amended Complaint with prejudice, and respectfully requests that the Court award Mr. Dodson reasonable attorneys' fees and expenses and the costs and disbursements of defending this action along with such other and further relief as the Court deems just and proper.

### JURY DEMAND

Mr. Dodson hereby demands a trial by jury on all claims so triable.

        Respectfully submitted,

        RUSSELL DODSON

        By his attorneys,

        /s/ Christopher B. Kaczmarek
        James S. Dittmar, P.C. (BBO #126320)
        Robert M. Hale (BBO #217710)
        Christopher B. Kaczmarek (BBO #647085)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, Massachusetts 02109
        Tel: (617) 570-1000

Of Counsel:

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
  Robert W. Stone (CA Bar No. 163513) admitted *pro hac vice*
  Ann M. Heimberger (CA Bar No. 197060) admitted *pro hac vice*
  Matthew W. Meskell (CA Bar No. 208263)
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

DATED: August 6, 2004                                        50830/72262.1sf